{¶ 24} I agree with the majority that there was sufficient evidence that the drink was sold to the informant by an employee of appellant. I disagree with the majority, however, that the commission's decision is not supported by reliable, probative or substantial evidence and, therefore, I dissent. The record shows appellant stipulated to the investigative report, but entered a denial to charge #1, the sale of an intoxicating liquor to an underaged person. The investigative report, to which the parties stipulated, provides in part:
* * * VICE DETECTIVES AND RELIABLE CONFIDENTIAL #V-00-13 [the underage individual] entered into the above mentioned premises and made a successful purchase of (1) one glass of absolut vodka cranberry juice. * * *
 {¶ 25} In addition to the stipulation, the informant, Akeya Wilson, testified that, at the time she purchased a drink at Easy Brothers, she was 19 years of age and was working as a confidential police informant. She further testified she purchased Absolut, a well-known brand of vodka, and cranberry juice and was not asked for identification.
 {¶ 26} In Cunningham v. The J.A. Myers Co. (1964),176 Ohio St. 410, at paragraph two of the syllabus, the court held:
Where all parties file a joint stipulation of facts, the result is in the nature of a special verdict or a special finding of facts, and the only function of the court is to apply the law to the facts so placed before it. (Paragraph three of the syllabus of Knowlson v. Bellman, 160 Ohio St. 359, approved and followed.)
The court further noted, at 414:
* * * The court has no duty to check into such facts to see whether they are true.
 {¶ 27} Here, the evidence stipulated was that a 19-year-old woman purchased a beverage containing vodka, an intoxicating liquor, and cranberry juice. These agreed upon facts provide substantial, reliable and probative evidence of a violation of the state liquor laws prohibiting the sale of an intoxicating liquor to an individual under the age of 21.
 {¶ 28} Therefore, I would overrule appellant's assignments of error and affirm the judgment of the trial court.